**RCI NORTHEAST SERVICES DIVISION, Plaintiff,**

v.

**BOSTON EDISON COMPANY, Defendant.**

**Civ. A. No. 84–1577–C.**

United States District Court, D. Massachusetts.

July 9, 1986.

John D. O'Reilly, III, Framingham, Mass., for plaintiff.

Mary Elizabeth Stanton, and William G. Meserve, Ropes & Gray, Boston, Mass., for defendant.

## MEMORANDUM

CAFFREY, Chief Judge.

This action for breach of contract was filed by RCI Northeast Services Division ("RCI"), a New York corporation against Boston Edison Company ("Edison"), a Massachusetts corporation. Jurisdiction of this Court is invoked on the basis of 28 U.S.C. § 1332(a) (diversity).

The matter previously was before the Court on cross-motions for summary judgment as to count one. At the hearing of those motions, the Court advised counsel that count one was not appropriate for disposition by summary judgment. Thereafter, the parties submitted count one to the Court for resolution on the basis of the Court's interpretation of the meaning of the language contained in a contract proposal submitted by RCI to Edison which was later incorporated into a purchase order issued by Edison to RCI. The phrase reads: "[l]abor cost rates include all costs, burdens, insurances and taxes applicable, based on current labor rates and are subject to escalation." The parties agree that plaintiff has made appropriate demand on defendant for the payment of $185,535.00, representing increased workmen's compensation insurance costs to plaintiff, and the parties have also agreed that defendant has refused to pay this demand on the basis of defendant's interpretation of the quoted language.

A review of the background of this dispute shows that in 1981 defendant hired plaintiff to perform certain work at defendant's Pilgrim Nuclear Generating Station in Plymouth, Massachusetts. At that time, defendant had sent requests for quotations for a portion of the work to seven different contractors, including plaintiff. The language in issue first appeared in plaintiff's submission to defendant and was later incorporated in defendant's purchase order. Plaintiff claims that the quoted language, particularly the words "subject to escala-tion," applies not only to wages of plaintiff's employees but also to plaintiff's costs for workmen's compensation insurance and taxes. Defendant contends that only actual wage payments are subject to escalation.

Having in mind that this is a cost plus contract, I find and rule that the intent of the parties, to the extent discoverable, should be given full force and effect, and I rule that the intention of the parties in the instant case was that Edison would pay all costs of plaintiff for plaintiff's performance of its contractual obligation plus a certain percentage intended to be plaintiff's profit from the job. I find that the parties never intended that any escalation in plaintiff's costs would have to be absorbed by plaintiff since such an absorption is not consistent with a cost plus contract.

I further rule that this is not an appropriate case for construing the contested language against plaintiff since the principle underlying that rule is properly applicable only where the parties to a contract are in markedly different bargaining positions. There is nothing in the record of this case to show that plaintiff was in a position analogous to that of an insurance company dealing with an insured or a commercial bank dealing with an individual borrower. Edison obviously was free to use any language it chose in preparation of the purchase order and the fact it elected to use the same language contained in plaintiff's submission is not a valid reason to penalize plaintiff by construing the language against plaintiff as if plaintiff had some superiority of negotiating position over defendant. *See Restatement (Second) of Contracts* § 202(1)(2) and (5) (1981). *Quad Construction, Inc. v. Wm. A. Contracting Co., Inc.*, 534 F.2d 1391 (10th Cir.1976); *Koshland v. Columbia Ins. Co.*, 237 Mass. 467, 130 N.E. 41 (1921).

I further rule that the language in issue is not ambiguous but clearly covers insurance costs. Hence this is not an appropriate case to invoke the principle that ambiguous language should be construed against the author. *Rocci v. Massachu-*

*setts Accident Co.*, 222 Mass. 336, 344, 110 N.E. 972 (1916). I rule that the disputed language obliges defendant Edison to pay plaintiff $185,535.00 by reason of escalating workmen's compensation insurance costs incurred by plaintiff on this job.

Order accordingly.